**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ALMANY BAH,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. MJM-25-3055** |
| **EMPIRIAN VILLAGE OF MARYLAND, LLC, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * 

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendants Empirian Village of Maryland, LLC and Fieldstone Properties I, LLC's (collectively, "Defendants") motions to dismiss. ECF Nos. 18, 23. The first motion is moot. The second motion is fully briefed, ripe for disposition, and a hearing is not necessary to resolve it. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the motion to dismiss is denied.

## I. PROCEDURAL BACKGROUND

On August 22, 2025, Plaintiff filed this civil action against Defendants in the Circuit Court of Maryland for Prince George's County. ECF 10. On September 15, 2025, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. ECF 1. Defendants moved to dismiss the Complaint on January 21, 2026. ECF 18. On Feb. 4, 2026, Plaintiff filed an Amended Complaint alleging violations of the Maryland Consumer Debt Collection Act and the Maryland

Consumer Protection Act. ECF 21. Defendants filed a motion to dismiss the Amended Complaint, ECF 23. Plaintiff responded in opposition, ECF 24, and Defendants filed a reply, ECF 25.

## II. FACTUAL BACKGROUND

Defendant Empirian Village of Maryland, LLC owns an apartment complex in Greenbelt, Maryland called "Franklin Park at Greenbelt Station," and defendant Fieldstone Properties I, LLC serves as its property manager. ECF 21 ("Am. Compl.") ¶¶ 1, 4, 5. Plaintiff was a resident of the complex. *Id.* ¶¶ 1, 7. On or about September 30, 2023, Plaintiff signed a lease renewal agreement for a term beginning October 1, 2023, and ending June 30, 2024. *Id.* ¶ 7. On November 7, 2023, Plaintiff notified Defendants that he was breaking his lease early and moving out on December 31, 2023. *Id.* ¶ 8. Plaintiff paid all the associated fees and, on January 18, 2024, Defendants informed Plaintiff that his account was "PAID IN FULL." *Id.* ¶ 10.

Notwithstanding its representation that Plaintiff's account was paid in full, Defendants "began pursuing" Plaintiff for a payment of $858.00, which Plaintiff did not owe. *Id.* ¶ 11. Defendants engaged the services of FMS Financial Solutions ("FMS") to recover the $858.00 from Plaintiff. *Id.* ¶ 13. FMS is a "professional debt collection and financial services company" that "specializes in the landlord tenant sector." *Id.* ¶¶ 13–14. Defendants are quoted in a testimonial on FMS's website stating that FMS has helped Defendant increase their annual collections. *Id.* ¶ 18. FMS's collection efforts include reporting debts to a credit reporting bureau. *Id.* ¶ 17.

After terminating his lease, Plaintiff moved to Seattle, Washington. *Id.* ¶¶ 1, 19. He applied for a new apartment, but his application was denied due to Defendants' efforts to collect the $858.00. *Id.* ¶ 20. Plaintiff reached out to Defendants multiple times to resolve the situation, but Defendants did not act. *Id.* ¶ 24. In the interim, Plaintiff rented short-term residences and experienced anxiety, stress, and depression because he was unable to find suitable housing in the

new city. *Id.* ¶¶ 22–23. On May 8, 2024, Plaintiff was conditionally approved for an apartment, but he had to pay a three-times greater security deposit because of Defendants' debt collection efforts. *Id.* ¶¶ 25–27. Plaintiff sued to remedy the additional housing costs, including the short-term rentals and increased security deposit, and for the emotional distress that Plaintiff suffered. *Id.* ¶ 28.

## III. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S.

10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

## IV. DISCUSSION

The Maryland Consumer Debt Collection Act ("MCDCA") and the Maryland Consumer Protection Act ("MCPA") are remedial statutes that prohibit certain unfair and deceptive trade practices. *See Alexander v. Carrington Mortg. Servs., LLC*, 23 F.4th 370, 374 (4th Cir. 2022); *Smith v. Westminster Mgmt., LLC*, 290 A.3d 1161, 1184–85 (Md. App. Ct. 2023), *aff'd*, 312 A.3d 741 (Md. 2024); *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 270 (D. Md. 2015). As "remedial consumer protection statutes[,]" the MCDCA and MCPA "must be liberally

construed, in order to effectuate [their] broad remedial purpose." *Alexander*, 23 F.4th at 374 (quoting *Andrews & Lawrence Professional Services, LLC v. Mills*, 223 A.3d 947, 968 (Md. 2020)). Plaintiff alleges that Defendants violated three provisions of the MCDA and one provision of the MCPA. As explained below, the Court finds Plaintiff's Amended Complaint sufficient to state plausible claims for relief under each provision. Therefore, Defendants' motion to dismiss shall be denied.

### A. Maryland Consumer Debt Collection Act

Plaintiff alleges that Defendants violated three provisions of the MCDCA: Sections 14-202(3), 14-202(8), and 14-202(11) of the Commercial Law Article of the Maryland Code ("C.L."). Accepting the facts alleged in the Amended Complaint as true, Plaintiff states plausible violations of each provision.

#### 1. Md. Code Ann., Com. Law § 14-202(3)

Count I of the Amended Complaint alleges that Defendants violated C.L. § 14-202(3) when they disclosed to FMS, a third-party debt collector, false information that "was ultimately reported to the credit reporting bureaus and a tenant screening company . . . ." Am. Compl. ¶ 34. Section 14-202(3) prohibits debt collectors from "disclos[ing] or threaten[ing] to disclose information [that] affects the debtor's reputation for credit worthiness with knowledge that the information is false[]" when "collecting or attempting to collect an alleged debt . . . ." C.L. § 14-202(3). Plaintiff alleges that Defendants reported the $858.00 debt to FMS after advising Plaintiff that he did not owe any debt. Plaintiff further alleges that, as a result, Plaintiff's apartment application in Seattle was denied and Plaintiff was required to pay an increased security deposit for another. Am. Compl. ¶¶ 9–12, 20–21, 26–27. These allegations suffice to support a reasonable inference that the information Defendants disclosed to a third party was false, that Defendants knew it was false

when they disclosed it, and that the false report "affect[ed] [Plaintiff's] reputation for credit worthiness . . . ." ." C.L. § 14-202(3). Defendants do not put forth any argument to suggest that Plaintiff has failed to state a plausible claim under § 14-202(3). *See* ECF 23 at 3. The Court finds Plaintiff has stated a plausible claim for relief under § 14-202(3).

**2. Md. Code Ann., Com. Law § 14-202(8)**

Count I also includes a claim that Defendants violated C.L. § 14-202(8) when they pursued collection of a debt "after acknowledging that Plaintiff had no outstanding account balance . . . ." Am. Compl. ¶ 33. Section 14-202(8) prohibits a "collector" from "claim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist[.]" C.L. § 14-202(8). To state a claim, Plaintiff must allege that (1) Defendants "did not possess the right to collect the amount of debt sought," and (2) Defendants "attempted to collect the debt knowing that it lacked the right to do so." *Chavis v. Blibaum & Assocs.*, 264 A.3d 1254, 1265 (Md. 2021) (internal quotation marks and citations omitted).

Plaintiff alleges that Defendants did not possess the right to collect money on a debt that Plaintiff did not owe. *See* Am. Compl. ¶¶ 10–11. Because Defendants informed Plaintiff that his account was "PAID IN FULL," and yet subsequently sought to collect the alleged $858.00 debt from Plaintiff, he has sufficiently alleged the first element of his C.L. § 14-202(8) claim.

Plaintiff also plausibly alleges that Defendants "attempted to collect the debt knowing that it lacked the right to do so." *Chavis*, 264 A.3d at 1265 (internal quotation marks and citations omitted). To establish this element of his claim, Plaintiff must show that (1) Defendants attempted to collect the $858 debt they lacked the right to collect, and (2) Defendants did so knowing, or recklessly disregarding the fact, that Defendants did not have the right do so. *See id.* at 1265, 1271–72 ("Federal courts in Maryland have interpreted the knowledge element of a claim to require

proof that a debt collector claimed, attempted, or threatened to enforce the non-existent right with *actual knowledge* or *[reckless] disregard* as to the falsity of the existence of the right" (emphasis added) (internal quotation marks and citations omitted)). Here, Defendants argue that Plaintiff has not provided sufficient facts to support either prong. ECF 23 at 3–4. The Court disagrees.

Plaintiff sufficiently alleges that Defendants attempted to collect the $858 debt within the meaning of the MCDCA. The statute broadly defines a "collector" as "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction." C.L. § 14-201(b). "Person" is defined to include "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity." *Id.* § 14-201(d). And a "consumer transaction" is defined as "any transaction involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family or household services." *Id.* § 14-201(c).

The allegations here satisfy these definitions. Defendants are both limited liability corporations and therefore "persons" under this statute. *See id.* § 14-201(d). The alleged debt arose from Plaintiff's rental of an apartment, Am. Compl. ¶¶ 7, 11, which constitutes a consumer transaction involving real property, *see* C.L. § 14-201(c). Plaintiff further alleges that Defendants sought an $858 payment and, when payment was not received, referred the matter to FMS, a company that describes itself as a professional debt-collection agency specializing in landlord-tenant collections. Am. Compl. ¶¶ 12–13, 41.

Defendants argue that retaining a debt collection company does not constitute an attempt to collect a debt. ECF 23 at 3. This argument is unpersuasive. This Court has recognized that a defendant may engage in debt collection through an intermediary. *See Marchese v. JPMorgan Chase Bank, N.A.*, 917 F.Supp.2d 452, 463–64 (D. Md. 2013) (treating Chase as a debt collector

under the MCDCA despite Chase assigning its interests to substitute trustees who filed a foreclosure action on Chase's behalf). Here, Defendants are "collectors" within the meaning of the MCDCA because they "attempt[ed] to collect an alleged debt arising out of a consumer transaction" by hiring FMS. Am. Compl. ¶ 12. Again, FMS describes itself as a "debt collection company" that "specializes in landlord tenant" collection. *Id.* ¶¶ 13, 41. Furthermore, Plaintiff's Amended Complaint alleges that Defendants provided a testimonial on FMS's website, stating that Defendants' "annual collection" efforts have increased since "partnering" with FMS. *Id.* ¶ 18. Plaintiff alleges on information and belief that "placing an alleged debt on a credit bureau report and with rental screening companies is one of the tactics that Defendants and FMS undertake when attempting to collect from a tenant." *Id.* ¶ 17. Drawing reasonable inferences in Plaintiff's favor, FMS's website includes a statement suggesting that reporting debts to credit bureaus constitutes part, but not all, of its debt collection practice. *See id.* ¶ 17 ("The most important is that we will not cherry pick your accounts and put the less desirable files on a credit bureau report never to be touched again. Our collectors will continuously work the account, searching for assets during the entire seven-year statute of limitations."). At the pleading stage, it is reasonable to infer that Defendants knew or should have known that reporting the alleged $858 debt to credit bureaus would affect Plaintiff's reputation for creditworthiness and that this action was done, at least in part, to induce Plaintiff to resolve the account by making the $858 payment.

In sum, the Amended Complaint contains sufficient facts to support a reasonable inference that Defendants' retention of FMS and the reporting of the alleged $858 debt to credit bureaus constitute a collector's attempt to collect the alleged debt and thereby "enforce a right" under C.L. § 14-202(8).

Defendants next argue that Plaintiff does not allege that they acted with the requisite mental state. ECF 23-1 at 3–4. This argument fails. After Plaintiff paid the fees required for early termination of his lease, Defendants issued Plaintiff an account statement stating that his account was "PAID IN FULL." Am. Compl. ¶¶ 9–10. Accepting these allegations as true and drawing reasonable inferences in Plaintiff's favor, these facts are sufficient to show that the true status of Plaintiff's account was that he owed no debt to Defendants and that they acknowledged Plaintiff owed no debt to them. *See id.* ¶ 39 (alleging that Defendants' knowledge is shown in the account statement they issued reflecting the $0.00 balance). Therefore, when Defendants "began pursuing Plaintiff" for the $858 payment, *id.* ¶ 11, and engaged the services of FMS . . . to recover [that amount] from Plaintiff[,]" *id.* ¶ 12, they either knew or recklessly disregarded the fact that they did not have the right to seek this payment. *See PNC Bank, N.A. v. Davis*, 631 F.Supp.3d 253, 274–75 (D. Md. 2022) (finding that PNC acted, at a minimum, recklessly where its internal notes indicated that the borrowers had mailed a signed loan-modification agreement; the signed agreement had been attached to a bankruptcy-court filing; and, by the time PNC sent subsequent collection communications, the agreement had been recorded in the Carroll County land records and PNC had received a copy, yet PNC sent letters seeking payment under the original mortgage anyway); *Peckey v. Bank of America N.A.*, Civ. No. RDB-14-433, 2015 WL 1622967, at *4 (D. Md. Apr. 10, 2015) (finding Loan Servicing Company had knowledge that plaintiff's debt did not exist because plaintiff provided it with an exact copy of a message showing the Bank loan had been satisfied).

Defendants contend that the paid-in-full account statement is insufficient evidence of their knowledge or reckless disregard as to the true status of Plaintiff's account. ECF 23 at 4. Specifically, they argue that if acknowledgement of payment satisfies the knowledge requirement,

"then every single conceivable factual mistake made in the collection of a consumer debt would be a violation of the Act[.]" *Id.* But, as noted *supra*, Plaintiff does not merely allege that Defendants issued him the statement confirming his account was paid in full. Am. Compl. ¶ 10. Plaintiff also alleges that he previously paid the fees for early termination of his lease, *id.* ¶ 9, and he owed no debt to Defendants, *id.* ¶ 11. The Court must accept these facts as true at the pleading stage. In their totality, they support a reasonable inference the account statement was not mistaken, that it reflected the true status of Plaintiff's account, and that Defendants knew Plaintiff owed them no debt.

In sum, Plaintiff sufficiently alleges that (1) Defendants "attempt[ed] . . . to enforce a right" by seeking to collect a debt from Plaintiff, and (2) they had knowledge, or recklessly disregarded the fact, that Plaintiff did not actually owe that debt and the right they tried to enforce did not exist. C.L. § 14-202(8); *see also Chavis*, 264 A.3d at 1265, 1271–72. Therefore, the Court finds that the Amended Complaint states a plausible claim under C.L. § 14-202(8).

**3. Md. Code. Ann., Com. Law § 14-202(11)**

Finally, Count I asserts that Defendants violated C.L. § 14-202(11) by "ma[king] false representations of the character, amount, or legal status of the alleged debt when they engaged FMS to pursue Plaintiff for the [$858] debt and when FMS undertook collection activities." Am. Compl. ¶ 38. Section 14-202(11) provides, "in collecting or attempting to collect an alleged debt a collector may not engage in any conduct that violates §§ 804 through 812 of the Federal Debt Collections Practices Act ("FDCPA")." Section 807 of the FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" 15 U.S.C. § 1692e, and § 808 prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt[,]" 15 U.S.C. § 1692f. Notably,

the MCDCA's definition of "collector" is broader in some respects than the FDCPA's definition of "debt collector." *Compare* 15 U.S.C. § 1692a(6)(F) *with* C.L. § 14-201(b). In the context of a C.L. § 14-202(11) claim, "[t]he MCDCA's broader definition controls" because that definition "is not displaced by the federal definition[,]" and the Maryland legislature intentionally "incorporated only the FDCPA's 'substantive provisions' . . . ." *Alexander*, 23 F.4th at 375 (quoting *Chavis*, 264 A.3d at 1272 n.14).

Plaintiff's allegation that Defendants "made false representations" about the alleged $858 debt "when they engaged FMS" is plausible because that engagement likely required them to assert that Plaintiff owed them the debt when, in fact, Plaintiff did not owe it. And, as explained in Part IV.A.2 *supra*, Plaintiff plausibly alleges that Defendants were engaged in the collection of adebt when they engaged FMS and they acted knowingly in falsely asserting entitlement to payment. Thus, the Amended Complaint includes sufficient allegations to support Plaintiff's claim that Defendants used a false or misleading representation in connection with debt collection in violation of C.L. § 14-202(11), by way of § 807 of the FDCPA.

The Court concludes that Plaintiff alleges plausible violations of C.L. §§ 14-202(3), 14-202(8), and 14-202(11) in Count I of the Amended Complaint. As such, Defendants' motion to dismiss Count I is denied.

**B. Maryland Consumer Protection Act**

In Count II of the Amended Complaint, Plaintiff alleges that Defendants violated the MCPA by pursuing the payment of a debt that he did not owe. Am. Compl. ¶ 44. The MCPA prohibits a person from "engag[ing] in any unfair, abusive, or deceptive trade practice . . . in[,]" among other transactions: "[t]he sale, lease, rental, loan, or bailment of any . . . consumer realty"; or "[t]he collection of consumer debts[.]" C.L. § 13-303.

Here, Plaintiff alleges that Defendants engaged in an "unfair, abusive, or deceptive trade practices" in connection with the rental of his apartment in Greenbelt and the collection efforts of the alleged $858.00 debt. "Unfair, abuse, or deceptive trade practices" is defined to include violations of Title 14, Subtitle 2 of the C.L., *see* C.L. § 13-301(14)(III), which includes C.L. §§ 14-202(3), 14-202(8), and 14-202(11). As explained in Part IV.A *supra*, Plaintiff has alleged plausible violations of §§ 14-202(3), 14-202(8), and 14-202(11) in connection with the apartment rental and Defendants' collection of the alleged $858.00 debt. Accordingly, Plaintiff has also plausibly alleged that Defendants engaged in "unfair, abusive, or deceptive trade practices" in violation of C.L. § 13-303. Defendants' motion to dismiss Count II will therefore be denied.

## V. ORDER

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that Defendants' Motion to Dismiss the Complaint (ECF No. 18) is DENIED AS MOOT, and Defendants' Motion to Dismiss the Amended Complaint (ECF No. 23) is DENIED.

August 31, 2026
Date

/S/
Matthew J. Maddox
United States District Judge